# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### GREAT FALLS DIVISION

| | |
|---|---|
| TINA THOMAS for herself and on behalf of MADISON TRI,<br><br>          Plaintiffs,<br><br>     vs.<br><br>KEMPER SPECIALITY CO., d/b/a ALPHA PROPERTY AND CASUALTY INSURANCE CO.<br><br>          Defendants. | CV 15-58-GF-BMM<br><br><br><br>**ORDER** |

Defendants, Kemper Specialty Company, Alpha Property and Casualty Insurance ("Kemper"), filed a notice of removal on July 27, 2015. (Doc. 1.) Plaintiff, Tina Thomas for herself and on behalf of Madison Tri ("Thomas"), moved this court, on August 24, 2015, to remand the action to the Montana Eighth Judicial District and to order a stay in the case now pending until this motion has been decided. (Doc. 9 at 1.) Kemper has opposed the motion. (Doc. 11.)

## DISCUSSION

### A. Amount in Controversy

A federal district court must remand a case to state court if subject matter jurisdiction is lacking. 28 U.S.C. § 1447(c). District courts possess diversity jurisdiction over all civil actions between citizens of different states where the

amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C.

§ 1332. The party seeking removal carries the burden of establishing federal

jurisdiction. *Emrich v. Touche Ross & Co.*, 846 F.2 1190, 1195 (9th Cir. 1988).

Courts strictly construe removal statutes against removal jurisdiction and will

reject jurisdiction if any doubt as to the right of removal exists. *Gaus v. Miles, Inc.*,

980 F.2 564, 566 (9th Cir. 1992).

The party seeking removal has satisfied its burden when the plaintiff's

complaint establishes the jurisdictional amount in controversy. *Singer v. State

Farm Mut. Auto. Ins. Co.*, 1116 F.3 373, 377 (9th Cir. 1997). If the complaint does

not claim an amount over $75,000, the removing defendant must prove by a

preponderance of the evidence that the amount in controversy requirement has

been met. *Gaus*, 980 F.2d at 566-567. The district court may consider the facts in

the removal petition, and may "require parties to submit summary-judgment-type

evidence relevant to the amount in controversy at the time of removal." *Singer*, 116

F.3d at 377 (internal quotations omitted).

The jurisdictional amount in controversy excludes "interest and costs," but

includes punitive damages and attorneys' fees. *Guglielmino v. McKee Food Corp.*,

506 F.3d 696, 700 (9th Cir. 2007) (citing 28 U.S.C. § 1332). "Where both actual

and punitive damages are recoverable under a complaint each must be considered

to the extent claimed in determining jurisdictional amount." *Bell v. Preferred Life Assur. Soc of Montgomery, Ala.*, 320 U.S. 238, 241 (1943).

Thomas has alleged at least $50,000 in compensatory damages in her complaint. (Doc. 7 at 6-7.) Kemper must show that an additional $25,001 is in controversy in order to satisfy the jurisdictional amount in controversy requirement. Kemper has argued that the additional $25,001 may be found in Plaintiff's request for punitive damages. (Doc. 11 at 4.)

Thomas has requested punitive damages under Count II, the bad faith claim, and Count III, the breach of implied covenants of good faith and fair dealing claim. (Doc. 7 at 4-5). Thomas has asserted that punitive damages should be based on Kemper's net worth *Id.* at 7. Thomas claims that Kemper is part of a "$3 billion Chicago based financial services company." *Id.* at 1. A punitive damages award of $25,001 appears reasonable given the amount requested in compensatory damages and Kemper's alleged net worth. Accordingly, it appears that the face of Thomas's First Amended Complaint satisfies the amount in controversy.

A defendant may introduce evidence of jury verdicts in cases involving similar facts where, as here, the amount of punitive damages sought remains unclear. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002). Kemper has highlighted several insurance coverage cases in Montana in which the jury awarded substantial punitive damage awards. (Doc. 11 at 7.) For example, a

jury for the U.S. District Court of Montana, Billings Division, awarded $2.5 million in punitive damages in addition to $100,000 in contract damages. The case involved an insurer's alleged breach of contract and bad faith in failing to pay claims. (*King v. Geico*, CV 12-92-RWA, Doc. 3 at 6; Doc. 122.) The plaintiff's husband had been killed in a collision with an uninsured driver who was under the influence of drugs. (Doc. 3 at 2.) In another Montana District Court case, *Chilcote v. Fireman's Funds Insurance Company*, the jury awarded $3.5 million in punitive damages. (CV 06-47-DWM, Doc. 130). The plaintiff brought a breach of contract action after an insurance company failed to pay her medical bills when she had been involved in a crash with an underinsured motorist. (CV 06-47-DWM, Doc. 45 at 1-5.)

The cited cases by Kemper fail to provide a comprehensive representation of all similar insurance cases. In light of the large punitive damages awards in those two cases and the facts of the current case, however, punitive damages of at least $25,001 do not appear excessive or unreasonable. The underlying case presents facts where an estranged husband kidnapped Thomas and her child. (Doc. 9 at 4-5.) Thomas owned the truck used in the kidnapping. Thomas has alleged that Kemper insured the truck. *Id.* Kemper denied Thomas insurance coverage on the truck. *Id.* The jurisdictional amount in controversy is established by a preponderance of the evidence.

**B. Abstention Doctrine**

Thomas has argued that this Court should abstain from exercising federal subject matter jurisdiction pursuant to *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942), to determine "complex Montana insurance law issues presented in [the] complaint." (Doc. 9 at 8.) *Brillhart* addressed a situation in which another suit was pending in state court. *Brillhart*, 316 U.S. at 495. The procedural posture involved parallel proceedings in two different courts. *Id. Brillhart* did not address a case involving removal or remand.

Thomas also relied on *National Union Fire Ins. Co. of Pittsburg, v. Davis*, No: CV-10-443-RMP (E.D. Wash. June 01, 2011) at the hearing on the current motion. The plaintiff in *Davis* filed a federal action while the underlying state action was pending in a Montana state court. *Id.* The procedural posture, similar to *Brillhart*, involved parallel proceedings in two separate courts. The court applied the *Brillhart* factors to decline jurisdiction. Thomas's reliance on *Davis* and *Brillhart* is misplaced.

Thomas originally filed this action in state court. Kemper removed the case to federal court pursuant to 28 U.S.C. § 1441. No lawsuit remains pending in state court. No party has filed a separate action under the federal Declaratory Judgments Act. (Doc. 11 at 10). No parallel proceedings exist in this matter that could explain the reasoning of *Brillhart* or *Davis*.

Thomas also has argued that federal district courts possess discretion to decline jurisdiction in cases where the primary issue in the case involves insurance regulation and policy. (Doc. 9 at 9-10.) Thomas has cited to *American National Fire Insurance Company v. Hungerford*, 53 F.3d 1012 (9th Cir. 1995) and *Golden Eagle Insurance Company v. Travelers Companies*, 103 F.3d 750, 752 (9th Cir. 1996), in support of her argument. The Ninth Circuit overruled both cases in *Government Employees Insurance Company v. Dizol*, 133 F. 3d 1220 (9th Cir. 1998).

The Ninth Circuit explained that federal courts should not remand or decline a declaratory action in cases as a general rule where "other claims are joined with an action for declaratory relief (e.g., bad faith, breach of contract, breach of fiduciary duty, rescission, or claims for other monetary relief)." *Dizol*, 133 F.3d at 1225. The Ninth Circuit reasoned that the district court lacks discretion to remand these causes of action "[b]ecause claims of bad faith [and] breach of contract . . . provide an independent basis for federal diversity jurisdiction." *Id*. at 1226, fn. 6.

Similar to the plaintiff in *Dizol*, Thomas combines other claims with her declaratory action. Thomas brings claims for declaratory judgment, first party bad faith, breach of the implied covenants of good faith and fair dealing, negligence, and breach of contract. (Doc. 7.) The state courts may be best positioned to hear actions involving insurance regulations and policies. The other claims in this action

provide an independent basis for federal diversity jurisdiction. This Court lacks the discretion to decline to entertain these causes of action.

**IT IS ORDERED** that Thomas's Motion to Remand (Doc. 9.) is DENIED.

DATED this 30th day of September, 2015.

_____
Brian Morris
United States District Court Judge